IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JANUARY SESSION, 1997

FILED

July 11, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 01C01-9605-CC-00098 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | WILSON COUNTY |
| VS. | ) | |
| | ) | HON. J. O. BOND |
| RANDALL LUNSFORD, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Certified Question) |

ON APPEAL FROM THE JUDGMENT OF THE
CRIMINAL COURT OF WILSON COUNTY

FOR THE APPELLANT:

B.F. "JACK" LOWERY
Lowery Building, Public Square
Lebanon, TN 37087

PETER J. STRIANSE
21st Floor, First American Center
Nashville, TN 37238

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

LISA A. NAYLOR
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243

TOM P. THOMPSON, JR.
District Attorney General

DAVID DURHAM
Assistant District Attorney General
111 Cherry Street
Lebanon, TN 37087

OPINION FILED _____

APPEAL ON CERTIFIED QUESTION DISMISSED; CONVICTION SET
ASIDE; REMANDED

DAVID H. WELLES, JUDGE

# OPINION

This is a direct appeal from a guilty plea pursuant to Rule 37(b)(2)(i) of the Tennessee Rules of Criminal Procedure. In his plea agreement, the Defendant pled guilty to conspiracy to possess with intent to deliver more than 300 grams of cocaine, stated by the judgment to be a Class B Felony. In the plea agreement, there were expressly reserved several certified questions of law that the parties agreed were dispositive of the case. The certified questions originate from the trial court's denial of a motion to suppress evidence obtained from a search of a package being transported by a parcel service to the Defendant and evidence obtained from a search of his place of business. After a careful examination of the issues presented, we conclude that none of the certified questions are dispositive of the case and dismiss the appeal. However, we must set aside the conviction and remand the case for further proceedings.

A package being shipped via the well-known mail carrier, Federal Express, broke apart in transit somewhere in California. The tear in the outer box revealed an inner block, wrapped in packing material and tape. The package was addressed to a Joyce Metcalf at 14960 Lebanon Road in Wilson County, Tennessee. The details surrounding seizure of the package by law enforcement and a subsequent search of its contents are unclear. However, Federal Express officials suspected the package contained contraband and reported it to law enforcement. It appears there has been involvement by both federal and state officials from California and Tennessee.

There is testimony that a dog "sniff test" may have been conducted on the package, but where the test was performed is unknown. The actual appearance of the inner package is unclear, but at some point, law enforcement pierced the plastic and took a sample of a white powder contained within the package. It is also unclear when this occurred and whether the field test was conducted in California, Tennessee, or both, although there is evidence that a field test was conducted in Nashville on August 29, 1994. The test revealed that the package contained a kilo of cocaine. The evidence does not confirm whether or not the field test was undertaken pursuant to a warrant. Investigators determined that the address on the package was a business called Performance Cycle Shop. There is no evidence that shows that a Joyce Metcalf existed. The Defendant, Randall Lunsford, was the owner of the business and was listed on the utilities' accounts for the property. An NCIC check revealed that the Defendant had arrests for narcotics possession and trafficking in Nashville.

After the package arrived in Tennessee, the Fifteenth Judicial Drug Task Force arranged for a controlled delivery to the Defendant's address. Any involvement in the case by other law enforcement agencies is unknown. An anticipatory search warrant was obtained to search the business premises after the cocaine was delivered. Law enforcement obtained a Federal Express van and Officer Scott Roberts was dressed as a Federal Express employee. Officer Craig White rode inside the van to the delivery site.

As the van arrived at the Performance Cycle business, it pulled into the parking lot. The Defendant was about to leave in his vehicle, but when the van approached, he parked his vehicle. The Defendant got out of his truck and

approached the Federal Express van. Officer Roberts informed the Defendant that he had a package to be delivered to 14960 Lebanon Road. The Defendant answered that it was the right place after Officer Roberts stated it was addressed to a certain person. The Defendant reminded the officer that if the package said 14960 Lebanon Road, it was the right place. Officer Roberts told the Defendant that he would check the package, which was in the back of the van. He instructed the Defendant to go into the business to prevent him from seeing Officer White.

Officer Roberts brought the package into the store and the Defendant was in the rear of the building. He set the package down while other officers executed the search warrant. The Defendant did not remove the package from the place where it was delivered and the officers retained the package. Pursuant to the search, the officers seized a quarter-pound of marijuana, electronic and manual scales, a wallet, rolodex, two handguns and $2071.00 in cash. The officers also performed a consent search of the Defendant's home.

Officer White served the Defendant with the warrant, but picked it up to fill out the return. Officer White did not leave the warrant at the business at the conclusion of the search. He returned the warrant to the Defendant after defense counsel contacted law enforcement. Although the timing is not certain, the search was conducted on a Monday, and Officer White delivered a copy of the warrant to the Defendant a few days after the search.

The Defendant was charged with one count of possession with intent to sell or deliver more than 300 grams of cocaine[1] and one count of possession with intent to sell more than one-half ounce of marijuana.[2]  He filed a motion to suppress the evidence seized pursuant to the search warrant and the cocaine seized and searched prior to the execution of the search warrant of his business. The trial court denied the Defendant's motion to suppress.  He subsequently reached an agreement in which he pleaded guilty to conspiracy[3] to possess more than 300 grams of cocaine with intent to sell or deliver, a Class B felony, to be sentenced as a Range I offender to eight years in the Department of Correction.  The State agreed to nolle the count for possession of marijuana.

We now turn to the Defendant's certified questions.  In this appeal, he asserts (1) That he has standing to challenge a search of the package conducted by law enforcement while it was in transit and that the search violated his constitutional rights.  He also claims that the warrant issued for the search of his business premises was defective because (a) the affidavit did not clearly state that the package had yet to be delivered; (b) the affidavit and warrant misrepresented facts supporting probable cause; (c) police officers tricked the Defendant into going inside his business; and (d) the officers failed to leave a copy of the warrant at the place being searched.  However, we are unable to reach the merits of any certified question because none are dispositive of this case.

---

[1]  Tenn. Code Ann. § 39-17-417(j).

[2]  Tenn. Code Ann. § 39-17-417(g)(1).

[3]  Tenn. Code Ann. § 39-12-103(a).

The Defendant has reserved his certified questions pursuant to Rule 37(b)(2)(i) of the Tennessee Rules of Criminal Procedure, which provides that:

An appeal lies "from any order or judgment in a criminal proceeding where the law provides for such appeal, and from any judgment of conviction : (2) [u]pon a plea of guilty or nolo contendere if: (i) defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case.

Tenn. R. Crim. P. 37(b)(2)(i). Our supreme court has also prescribed guidelines that must be adhered to in order to perfect an appeal by Rule 37(b)(2)(i) and (iv). In State v. Preston, 759 S.W.2d 647 (Tenn. 1988), and again in State v. Pendergrass, 937 S.W.2d 834 (Tenn. 1996), the court held:

This is an appropriate time for this Court to make explicit to the bench and bar exactly what the appellate courts will hereafter require as prerequisites to the consideration of the merits of a question of law certified pursuant to Tenn.R.Crim.P. 37(b)(2)(i) or (iv). Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case. Most of the reported and unreported cases seeking the limited appellate review pursuant to Tenn. R. Crim. P. 37 have been dismissed because the certified question was not dispositive. Also, the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial

> judge are of the opinion that the question is dispositive of the case. Of course, <u>the burden is on defendant to see that these prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified.</u> No issue beyond the scope of the certified question will be considered.

<u>Pendergrass</u>, 937 S.W.2d at 836-37 (citing <u>Preston</u>, 759 S.W.2d at 650) (emphasis added). The Defendant bears the burden of "reserving, articulating, and identifying the issue." <u>Pendergrass</u>, 937 S.W.2d at 838.

In his first question, the Defendant contends that law enforcement officials conducted an illegal, warrantless search of a package while in the course of being transported by a private mail carrier. He asserts standing to challenge the search and exclude the one-kilo of cocaine because the search violated the Fourth Amendment to the United States Constitution and Article I, section 7 of the Tennessee Constitution. There is evidence that the package was addressed to a Joyce Metcalf, which is presumably an alias for the Defendant. The evidence in the record shows that a search may have been conducted by piercing the package and field testing its ingredients, yet there is no definitive evidence of the size and appearance of the exterior or interior of the box. There was testimony at the suppression hearing that a field test was conducted in Nashville, but also that it may have occurred, along with a dog sniff test, in California. None of the witnesses were present when any search was conducted and therefore could not be certain what actually took place at Federal Express or when law enforcement seized the package. There is no evidence that a warrant was obtained, but there is no clear evidence that a warrant was not obtained by one of the agencies involved. The only thing we can surmise is that the Defendant has left many

unanswered questions about the events leading up to the controlled delivery of the package. We are unable to determine whether an illegal search was conducted without a more detailed description of the appearance of the package and the actions taken by law enforcement. This can only be developed by the presentation of additional proof. The Defendant has failed to meet his burden of providing an "explicit statement of the certified question." Preston, 759 S.W.2d at 650. We believe this includes providing a record that contains a complete description of the relevant facts. Therefore, as it is presented, the Defendant's certified question cannot be answered and thus is not dispositive of this case.

Nor can we conclude that the Defendant's challenges to the validity of the warrant are dispositive of this case. We note that by invalidating the warrant, the only evidence that may be excluded is that seized within the business premises. This does not include the kilo of cocaine which forms the basis for the charge for which the Defendant was convicted. Although the officers used the package as part of the controlled delivery, that package was already "seized" when law enforcement took possession from Federal Express. Regardless of whether the Defendant was the individual who had an interest in the package while it was in the mail, it is clear that the cocaine was seized before issuance of the warrant. " A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." United States v. Jacobsen, 466 U.S. 109, 113, 104 S.Ct. 1652, 1655-56, 80 L.Ed.2d 85 (1984). Sealed packages and letters are protected from government inspection because an individual has a reasonable expectation that the contents will remain private. Walter v. United States, 447 U.S. 649, 651-52, 654, 100 S.Ct. 2395, 2398-99, 65 L.Ed.2d 410 (1980). The evidence does not reflect that the officers gave up

possession of the package to the Defendant. Although the cocaine is listed on the return of the warrant, its admissibility is not dependent upon the warrant's validity.

Therefore, the only drug that was seized as a result of the warrant was the four ounces of marijuana found in the business. We note that the State nolled the charge for possession of marijuana, thus, the exclusion of the marijuana evidence serves no purpose. Because the cocaine was not seized pursuant to the warrant, it would not be excluded by finding a constitutional violation or a defect in the warrant. As a result, we cannot conclude that the certified questions regarding the warrant are dispositive of this case and we believe we must dismiss this appeal.

We also believe that the Defendant's crime is a Class A felony, even though the court documents and judgment reflect a Class B felony and sentence.

As we have previously mentioned, the Defendant pleaded guilty to one count of conspiracy to possess with intent to sell more than 300 grams of cocaine. The offense of possession of more than 300 grams of cocaine is a Class A felony, with a possible range of punshment between 13.5 and 60 years for all offender ranges. Tenn. Code Ann. §§ 40-35-101; 39-17-417(j)(5). Ordinarily, "conspiracy is an offense one (1) classification lower than the most serious offense that is the object of the conspiracy." Tenn. Code Ann. § 39-12-107(c). Yet, there is a restriction for certain drug offenses contained in §§ 39-17-417(i) and (j), that a conviction based on conspiracy is the same grade as a conviction for the offense. Specifically, "a violation of subsection (a) with respect

to the following amounts of a controlled substance, or conspiracy to violate subsection (a) with respect to such amounts is a Class A felony." Tenn. Code Ann. § 39-17-417(j). Here, the Defendant pleaded guilty to what everyone involved, including the trial judge, thought was a Class B felony and received an eight-year (8) sentence. A conviction for a Class B felony and an eight-year sentence were not applicable to nor within the sentencing range for the offense set forth in the plea agreement and judgment, and therefore, are contrary to law. The plea agreement should have been rejected by the trial court. We must therefore set aside the Defendant's conviction, and remand to the trial court to reject the plea agreement and for further proceedings in compliance with Rules 11(e)(2) and (e)(4) of the Tennessee Rules of Criminal Procedure.

Accordingly, we dismiss the appeal of the certified questions, set aside the Defendant's conviction and remand to the trial court for further proceedings regarding the Defendant's plea consistent with Rule 11(e) of the Rules of Criminal Procedure.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE

_____
JERRY L. SMITH, JUDGE